IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KRISTEN DUKES, AS NATURAL GUARDIAN                    PLAINTIFFS
AND BEST FRIEND OF WILLIAM TURNER, II,
A MINOR, AND REMI HARRIS, AS NATURAL
GUARDIAN AND BEST FRIEND OF PARRISH
HARRIS, A MINOR

V.                          CIVIL ACTION NO. _3:16cv365DPJ-FKB_

YAZOO CITY, MISSISSIPPI,                               DEFENDANTS
RUTHIE BROWN,
DUSTIN WADFORD,
AND JOHN DOES 1-5

COMPLAINT

\*\*\* JURY TRIAL DEMANDED\*\*\*

Plaintiffs Kristen Dukes, as natural guardian and next best friend of her

son, William Turner, II, a minor, and Remi Harris, as natural guardian and next

best friend of her son, Parrish Harris, a minor, bring this suit against Defendants

Yazoo City, Mississippi, Ruthie Brown, Dustin Wadford, and John Does 1-5 and

for cause of action state as follows:

**Parties**

1.    Plaintiff Kristen Dukes is the mother of William Turner, II, who is,

in turn, the natural son of William Turner, deceased.

1

2.     William Turner, II, is one of two wrongful death beneficiaries of William Turner pursuant to Section 11-7-13 of the Mississippi Code Annotated. He is 17 years old.

3.     Plaintiff Remi Harris is the natural mother of her son, Parrish Harris, who is, in turn, the natural son of William Turner, deceased. Parrish Harris is the other wrongful death beneficiary of William Turner pursuant to Section 11-7-13 of the Mississippi Code Annotated. he is 12 years old.

4.     Defendant Yazoo City, Mississippi, is a political subdivision of the state of Mississippi. It may be served with the Summons and Complaint by delivering them to Mayor Diane Delaware at 128 East Jefferson Street, Yazoo City, Mississippi 39194.

5.     Defendant Ruthie Brown is, upon information and belief, an adult resident citizen of Yazoo County, Mississippi. She may be served with the Summons and Complaint at her residence.

6.     Defendant Dustin Wadford is, upon information and belief, an adult resident citizen of Yazoo County, Mississippi. He may be served with the Summons and Complaint at his residence.

7.     Defendants John Does 1-5 are those persons who have not currently been identified but who were responsible, in whole or in part, for the wrongful

2

death of William Turner, either because they displayed deliberate indifference to his medical needs or failed to properly supervise those responsible for addressing his medical needs. As they are identified in discovery, this Complaint will be amended to name them specifically.

### Jurisdiction and venue

8.     This Court has personal jurisdiction over all of the Defendants because they either reside in this District and Division or are a political subdivision of the state of Mississippi within this District and Division.

9.     This Court is the appropriate venue for this action pursuant to 28 U.S.C Section 1391.

10.     This Court has subject matter jurisdiction over the claims asserted in this Complaint pursuant to both 28 U.S.C. Section 1331 and Section 1343.

### Statement of the Facts

11.     As stated above, William Turner, deceased, was the natural father of both William Turner, II, and Parrish Harris.

12.     To the best of Plaintiffs' knowledge, William Turner had no other children.

13.     To the best of Plaintiffs' knowledge, William Turner was not married at the time of his death.

14.    As a result, and to the best of Plaintiffs' knowledge, William Turner, II, and Parrish Harris are the sole wrongful death beneficiaries of William Turner pursuant to Section 11-7-13 of the Mississippi Code Annotated.

15.    At approximately 9:45 p.m. on May 16, 2013, William Turner was arrested by the Yazoo City Police Department. The charge was "public drunk."

16.    More specifically, he was arrested by police officer Dustin Wadford.

17.    Immediately prior to the arrest, officer Dustin Wadford believed William Turner was under the influence of alcohol.

18.    In addition, immediately prior to the arrest, officer Dustin Wadford was of the opinion that William Turner was under the influence of narcotics.

19.    In addition, after William Turner was transported by another officer to the Yazoo City police department, officer Dustin Wadford described his behavior as "tweaking" really bad.

20.    The term "tweaking" is a slang term to describe somebody who has been abusing methamphetamine, and it is the most dangerous stage of that abuse, even more so when the person has also been consuming alcohol.

21.    In addition, officer Dustin Wadford has stated that William Turner was constantly moving, jerking, looking around and rubbing his nose.

4

22.    In addition, at the police station, officer Dustin Wadford has stated that William Turner told him that he (Turner) had previously ingested Loratab or Loracet, both of which are narcotics.

23.    In addition, during the booking process, officer Dustin Wadford observed that William Turner had something in his mouth and was chewing on it. Officer Dustin Wadford had William Turner remove the item.

24.    Officer Dustin Wadford's immediate reaction to seeing the item was that it was a morphine patch.

25.    Although William Turner denied such, officer Dustin Wadford did not believe him and continued to press him to acknowledge that it was a morphine patch.

26.    At one point the item that William Turner was chewing on was placed in the garbage can. Officer Dustin Wadford retrieved it, but he made a point to use gloves because of the "transdermal" characteristic of the item.

27.    Thus, prior to placing William Turner in a cell, officer Dustin Wadford had formed all of the following beliefs:

- That William Turner was under the influence of alcohol;

- That William Turner was under the influence of the narcotic Loratab or Loracet;

- That William Turner was behaving in a manner consistent with being

5

under the influence of methamphetamines; and

- That William Turner had been chewing on a morphine patch.

28.     Despite all of these "red flags," neither officer Dustin Wadford or anyone else in the Yazoo City Police Department provided any medical care to William Turner.

29.     Despite all of these "red flags," neither officer Dustin Wadford or anyone else in the Yazoo City Police Department provided any further observation or monitoring of William Turner.

30.     To the contrary, William Turner was locked in a cell without any treatment, observation or monitoring for more than 7 hours.

31.     During the night, William Turner attempted to obtain assistance from the employees of the Yazoo City Police Department. His requests were ignored or, alternatively, the jail was operated in such a manner that he could not be heard.

32.     When the employees of the Yazoo City Police Department finally got around to checking on William Turner, he was dead. In fact, he had been dead so long that rigor mortis had set in.

33.     The autopsy showed that William Turner died from acute combined drug toxicity.

34.     Thus, at the time he was placed in his cell, William Turner had a serious need for medical treatment.

35.     At the time he was placed in his cell, Defendants were aware that William Turner has ingested a potentially lethal (and, as it turned out, actual lethal) mixture of drugs and alcohol.

36.     Defendants acted with deliberate indifference to the serious medical needs of William Turner, and such resulted in his death.

## Causes of Action

### Count I - Deliberate indifference

37.     While he was being held in the Yazoo City Police Department jail, William Turner had the right to be free of deliberate indifference to his serious medical needs. This right is guaranteed to convicted felons by the Eighth Amendment and to pretrial detainees by the due process clause of the Fourteenth Amendment.

38.     42 U.S.C. Section 1983 provides the remedy for the violation of William Turner's rights as described above. Plaintiffs, therefore, assert a Section 1983 claim against all Defendants for the violation of William Turner's rights under the Eighth Amendment and/or due process clause of the Fourteenth Amendment which resulted in his wrongful death.

39.   For such, Plaintiffs seek a judgment against all Defendants, jointly and severally, for all damages permitted by the Mississippi Wrongful Death Statute found at Miss. Code Ann. Section 11-7-13.

40.   In addition, pursuant to 42 U.S.C. Section 1988, when they prevail in this action, Plaintiff are entitled to recover attorneys' fees, costs and other expenses as set forth in the statute. Plaintiffs assert a claim against all Defendants, jointly and severally, for such relief.

*Count II - - City liability under Section 1983*

41.   The individual Defendants placed William Turner in a cell and left him without further observation or monitoring.

42.   It is reasonable to conclude that in doing so, they were following policies and practices of the City.

43.   Under those circumstances, 42 U.S.C. Section 1983 provides the remedy for the violation of William Turner's rights as described above. Plaintiffs, therefore, assert a Section 1983 claim against all Defendants for the violation of William Turner's rights under the Eighth Amendment and/or due process clause of the Fourteenth Amendment which resulted in his wrongful death.

44.   For such, Plaintiffs seek a judgment against all Defendants, jointly and severally, for all damages permitted by the Mississippi Wrongful Death

Statute found at Miss. Code Ann. Section 11-7-13.

45.    In addition, pursuant to 42 U.S.C. Section 1988, when they prevail in this action, Plaintiff are entitled to recover attorneys' fees, costs and other expenses as set forth in the statute. Plaintiffs assert a claim against all Defendants, jointly and severally, for such relief.

*Count III - - Failure to train and supervise*

46.    It is reasonable to conclude that someone within the Yazoo City Police Department had the responsibility for training and supervising Defendants Dustin Wadford, Ruthie Brown, and any other employee that ignored the medical needs of William Turner.

47.    At present, Plaintiffs must describe such person or persons as John Doe Defendants.

48.    Given the facts, it is reasonable to conclude that the John Doe Defendants failed to properly train and supervise the others.

49.    42 U.S.C. Section 1983 provides the remedy for the violation of William Turner's rights as described above. Plaintiffs, therefore, assert a Section 1983 claim against all Defendants for the violation of William Turner's rights under the Eighth Amendment and/or due process clause of the Fourteenth Amendment which resulted in his wrongful death.

50.     For such, Plaintiffs seek a judgment against all Defendants, jointly and severally, for all damages permitted by the Mississippi Wrongful Death Statute found at Miss. Code Ann. Section 11-7-13.

51.     In addition, pursuant to 42 U.S.C. Section 1988, when they prevail in this action, Plaintiff are entitled to recover attorneys' fees, costs and other expenses as set forth in the statute. Plaintiffs assert a claim against all Defendants, jointly and severally, for such relief.

WHEREFORE, Plaintiffs request an award of $3 million in actual damages against  all Defendants, jointly and severally. Plaintiffs further request an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. Section 1988 against all Defendants, jointly and severally. Plaintiffs further request prejudgment interest, costs of court and post-judgment interest as provided by rule and statute.

Respectfully submitted, this the 16th day of May, 2016.

KRISTEN DUKES, AS NATURAL GUARDIAN
AND BEST FRIEND OF WILLIAM TURNER, II,
AND REMI HARRIS, AS NATURAL GUARDIAN
AND BEST FRIEND OF PARRISH HARRIS

S. Craig Panter, their attorney

10

OF COUNSEL:

S. Craig Panter (MB # 3999)
Panter Law Firm, PLLC
7736 Old Canton Road, Suite B
Madison, MS 39110
601-607-3156 phone
601-607-3157 fax
email: cpanter@craigpanterlaw.com


Ronald E. Stutzman, Jr. (MB #101454)
The Stutzman Law Firm, PLLC
513 Keywood Circle
Flowood, Mississippi 39232
Telephone: (769) 208-5683
Facsimile: (601) 202-3022
rstutzman@stutzmanlawfirm.com